**UNITED STATES v. HENDLER.**

**Civ. No. 4418.**

United States District Court,
D. Colorado.

Aug. 11, 1954.

Donald E. Kelley, U. S. Atty. for the Dist. of Colorado, Denver, Colo., for plaintiff.

Mosko & Slatkin, Gordon Slatkin, Denver, Colo., for defendant.

KNOUS, District Judge.

In this case the United States seeks to recover from the defendant premiums paid by the United States, with interest, on a commercial insurance policy on the life of defendant pursuant to his application under Article IV of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix § 501 et seq. The defendant has moved to dismiss the complaint on the ground that it fails to state a claim for relief.

It is conceded that the Soldiers' and Sailors' Civil Relief Act of 1940, while containing provisions for the reimbursement of the United States from death benefits or the cash surrender value in the event the policy lapsed, is silent as to whether or not one applying for protection thereunder with respect to a policy of life insurance must reimburse the United States for payments of premiums paid by it to commercial insurance companies.

In 1942 Congress eliminated this area of vacuity in the 1940 Act by an amendment, 50 U.S.C.A. Appendix, § 546, providing that: "The amount paid by the United States to an insurer on account of applications approved under the provisions of this article, as amended, shall become a debt due to the United States by the insured on whose account payment was made and, notwithstanding any other Act, such amount may be collected either by deduction from any amount due said insured by the United States or as otherwise authorized by law." Both sides here agree that this amendment has no direct application in the case at bar and that the question of lia-

bility herein must be adjudged under the 1940 Act.

In support of the sufficiency of its claim for relief, the United States principally relies upon United States v. Nichols, D.C.1952, 105 F.Supp. 543, wherein under circumstances generally analogous to those attending herein, it was held that under common law principles service men in the category of defendant were charged with the duty to indemnify the United States for commercial life insurance premiums paid by it and that it was entitled to reimbursement therefor.

Although upon moral grounds I am in full accord with the result of the decision in the Nichols case, supra, I am also convinced that the legal theory upon which recovery was allowed therein has been rendered unavailable by the recent decision of the Supreme Court in United States v. Gilman, 1954, 347 U.S. 507, 74 S.Ct. 695, wherein the Court held that the United States is not entitled to recover indemnity from one of its employees for whose negligence it has been held liable under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. In that case, as here, the critical question concerned the liability of an employee to indemnify the United States.

Therein, as stated by Mr. Justice Douglas who delivered the opinion of the Court,

"Petitioner's argument is that the right of indemnity, though not expressly granted by the Tort Claims Act, is to be implied. A private employer, it is said, has a common law right of indemnity against an employee whose negligence has made the employer liable. The Tort Claims Act, by imposing liability on the United States for the negligent acts of its employees, has placed it in the general position of a private employer. Therefore, it should have the comparable right of indemnity against the negligent employee which private employers have. * * *" [347 U.S. 507, 74 S.Ct. 696.]

Herein it is the parallel contention of the United States, as was the basis in the Nichols decision, supra, that one who guarantees the debt of another and who pursuant to such promise pays such debt, is entitled to reimbursement for such payment from the principal debtor under common law principles even though the statute which impelled the payment of such debt does not expressly impose liability for reimbursement upon the primary debtor.

In refusing to uphold the United States in its claim to a common law right of indemnity against an employee in the Gilman case, supra, the opinion concludes as follows:

"Moreover, the claim now asserted, though the product of a law Congress passed, is a matter on which Congress has not taken a position. It presents questions of policy on which Congress has not spoken. The selection of that policy, which is most advantageous to the whole, involves a host of considerations that must be weighed and appraised. That function is more appropriately for those who write the laws, rather than for those who interpret them."

The claim advanced herein is the "product" of the passage by Congress of the Soldiers' and Sailors' Civil Relief Act of 1940. At the time application for relief under the Act was made by the defendant, and when in pursuance thereto the life insurance premiums were paid by the United States, the Congress, although having provided for a limited reimbursement therefor to the United States from death benefits or cash surrender values, had expressed no "position" concerning the personal liability of a soldier for indemnification or reimbursement of the United States for premiums so paid. It did so in 1942 but concededly that amendment, supra, is without application here. Thus during the times herein in concern the policy with respect to the personal liability for soldiers and sailors for premiums paid by the United States was as unresolved as was the question of liability of em-

ployees for indemnification under the Tort Claims Act under consideration in the Gilman case, supra. This circumstance, it seems to me, brings the proceeding at bar within the sweep of the Gilman decision which places the selection of policy concerning personal liability in the discretion of Congress rather than the courts and precludes the latter in such a situation from inaugurating a policy with respect thereto by implication. Accordingly,

It Is Ordered that the motion of the defendant to dismiss be sustained and that the complaint and action be dismissed.